UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOFEY SLUEV, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MARCO RUBIO, ) <br> *in his official capacity as U.S. Secretary of State,* ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 25-cv-899 (APM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timofey Sluev seeks an F-1 nonimmigrant visa to pursue a course of graduate studies in the United States. Compl., ECF No. 1, ¶ 1. On June 24, 2024, following an interview at the U.S. Embassy in Astana, Kazakhstan, a consular officer advised him that his case would require additional administrative processing and requested that he supply a curriculum vitae and a list of publications with translations. *Id.* ¶ 45. Plaintiff submitted the additional records two days later, *id.* ¶ 46, but no further action was taken on his application for nine months, causing him to delay the start of his education program multiple times. *Id.* ¶¶ 46, 48. He then filed this suit. Contending that Defendants' failure to act constitutes a violation of law, *id.* ¶¶ 79–120, Plaintiff asks the court to compel agency action pursuant to the Administrative Procedure Act (APA) and to issue a writ of mandamus.

In a familiar boilerplate motion, Defendants move to dismiss on two grounds: (1) the D.C. Circuit's opinion in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), incontrovertibly holds that a consular officer has no duty to act on a visa application

held in administrative processing, and (2) Plaintiff's claims are barred by the doctrine of consular nonreviewability.  *See* Defs.' Mot. to Dismiss, ECF No. 5 [hereinafter Defs.' Mot.], at 4–12.

As to the first ground, the court does not read *Karimova* so broadly.  *Karimova* held only that "Section 555(b) [of the APA]—and *only* Section 555(b)" does not place a "clear, non-discretionary duty" on a consular officer to "re-adjudicate [an] already-refused application." 2024 WL 3517852, at *3.  It offered no opinion as to whether any other source of law creates a nondiscretionary duty as to a visa application placed in administrative processing.  *Cf. Nikjooy v. Rubio*, 804 F. Supp. 3d 76, 84–85 (D.D.C. 2025).  Plaintiff here does rely on § 555(b), *see* Compl. ¶¶ 28, 64, but not exclusively like the plaintiff in *Karimova*.  He also alleges a host of other sources of law that he claims require a consular officer to act on his application, including notably 22 C.F.R. § 41.121(c).[1]  *See id.* ¶¶ 28–37, 92; 22 C.F.R. § 41.121(c) ("If the ground(s) of ineligibility may be overcome by the presentation of additional evidence, and the applicant has indicated the intention to submit such evidence, a review of the refusal may be deferred for not more than 120 days.").  Defendants, however, grapple with none of these other legal grounds. *See* Defs.' Mot. at 9–12.  They do address some, but not all, in their reply brief, but that comes too late.  *See* Defs.' Reply in Further Supp. of Defs.' Mot., ECF No. 9, at 10–14; *Rollins Env't. Servs. (NJ) Inc. v. EPA*, 937 F.2d 649, 652 n.2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief.").  So, even if *Karimova* disposes of § 555 as the basis for a discrete legal duty, Defendants' failure to challenge any other cited source of law means that dismissal on that ground is not warranted.

As to the defense of consular nonreviewability, courts in this District repeatedly have held that inaction on a visa application stuck in administrative processing under § 221(g) is not shielded

---

[1] Plaintiff also cites, among other sources of law, 8 U.S.C. § 1182(a), 22 C.F.R. § 41.121(a), and 9 FAM 403.7-3, 403.10-2(A).  *See* Compl. ¶¶ 28, 31–33, 114.

from review under that doctrine.  *See, e.g.*, *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11 (D.D.C. 2022); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry*, 168 F. Supp. 3d 268, 292 (D.D.C. 2016).  And *Karimova* did not clearly rule on the applicability of consular nonreviewability to visa applications in administrative processing.  *See Karimova*, 2024 WL 3517852, at *6; *Thein v. Trump*, No. 25-cv-2369 (SLS), 2025 WL 2418402, at *8–10 (D.D.C. Aug. 21, 2025).

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 5, is denied.

Dated:  February 24, 2026

Amit P. Mehta
United States District Judge