**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TIMOFEY SLUEV,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCO A. RUBIO,**<br>*in his official capacity as U.S. Secretary of State*, ***et al.***,<br><br>**Defendants.** | **Case No. 25-cv-00899 (APM)** |

**MEMORANDUM OPINION**

**I.**

On February 24, 2026, this court denied Defendants' motion to dismiss Plaintiff Timofey Sluev's petition seeking to compel action on his visa application, which has been in administrative processing since June 26, 2024. *See* Mem. Op. & Order, ECF No. 11, at 1. Defendants at that time argued only that (1) the D.C. Circuit's opinion in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024) (per curiam), incontrovertibly held that a consular officer has no duty to act on a visa application held in administrative processing and (2) Plaintiff's claim was barred by the doctrine of consular nonreviewability. *See id.* at 1–2. This court disagreed. *Id.* at 2–3. It ruled that *Karimova* held only that section 555(b) of the Administrative Procedure Act (APA) did not place a "clear, non-discretionary duty" on a consular officer to "re-adjudicate [an] already-refused application," without holding the same for any other source of law. *Id.* at 2 (alteration in original) (quoting *Karimova*, 2024 WL 3517852, at *3). The court also observed that courts in this District have "repeatedly" held that consular nonreviewability does not shield from review an agency's inaction on a visa application. *See id.* at 2–3.

Defendants now move for judgment on the pleadings on the sole basis that there has been no unreasonable agency delay in adjudicating Plaintiff Sluev's visa application under the factors set forth in *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C. Cir. 1984), commonly called the "*TRAC* factors." *See* Defs.' Mot. for J. on the Pleadings, ECF No. 15 [hereinafter Defs.' Mot.], at 5–14. In response, Plaintiff argues that the *TRAC* factors are the wrong standard for assessing whether the delay was reasonable, and in any event, the *TRAC* factors support a finding of unreasonable delay. *See generally* Pl.'s Resp. in Opp'n to Defs.' Mot., ECF No. 17 [hereinafter Pl.'s Opp'n]. For the reasons that follow, Defendants' Motion for Judgment on the Pleadings is granted.

**II.**

Federal Rule of Civil Procedure 12(c) permits any party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The court applies the same standard governing a Rule 12(b)(6) motion when evaluating a Rule 12(c) motion. *ACF Renewable Energy Ltd. v. Republic of Bulgaria*, 804 F. Supp. 3d 141, 148 (D.D.C. 2025). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks and citation omitted).

## III.

### A. Standard for Unreasonable Delay

To state a claim for unreasonable delay under the APA, *see* 5 U.S.C. § 706(1), a plaintiff must plausibly allege that (1) "the agency failed to take a discrete agency action that it is required to take" and (2) "the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (internal quotation marks and citation omitted). Defendants address only the latter requirement. *See* Defs.' Mot. at 5–14. The court therefore will assume the first criteria is satisfied and focus solely on the second.

To begin, Plaintiff disputes the use of the familiar six *TRAC* factors to determine whether a delay in agency action is unreasonable. The *TRAC* factors direct the court to consider the following:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal quotation marks and citations omitted). Plaintiff argues that *TRAC* is unsuitable for assessing unreasonable delay because it imposes a "heightened standard" that is "atextual" and "vague[]." *See* Pl.'s Opp'n at 1–9. He contends that this court is not bound to apply the *TRAC* factors because the Circuit has described them only as "useful guidance," not "ironclad,"

*see* Pl.'s Opp'n at 3 (citing *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 815 (D.C. Cir. 2024), and stated that the standard applies only "ordinarily," *id.* (citing *Da Costa*, 80 F.4th at 340).

The court is not persuaded. Whatever the merits of Plaintiff's textual argument, the court cannot adopt it because it is foreclosed by D.C. Circuit precedent. *See Da Costa,* 80 F.4th at 340. As Plaintiff acknowledges, courts "ordinarily look to" the *TRAC* factors in cases like these, and Plaintiff has provided no considerations unique to this case that require breaking with that approach nor case law that would support a departure. *Da Costa,* 80 F.4th at 340; *see also Afghan & Iraqi Allies*, 103 F.4th at 815 (the court "routinely applie[s] the [*TRAC*] framework").

Next, Plaintiff urges that, even if this court applies *TRAC* to Plaintiff's mandamus claim, it should decline to do so for his APA claims. *See* Pl.'s Opp'n at 5–9. Circuit precedent also forecloses this contention: "[T]he standards for obtaining relief [under the Mandamus Act and the APA] are essentially the same." *See Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010). Thus, the "[*TRAC*] standard applies to claims of unreasonable delay under both the Mandamus Act and the APA." *Arab v. Blinken*, 600 F. Supp. 3d 59, 69 (D.D.C. 2022). Accordingly, the court uses the *TRAC* factors to assess Plaintiff's mandamus and APA claims. The court begins with his APA claims.

### B. Application of the *TRAC* Factors

*First and second factors.* The first two factors, "relating to whether Congress has imposed a timeline for the agency action," are often considered together and, in this case, favor Defendants. *See Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.D.C. 2020). "There is no congressionally imposed timeline here," and courts in this District have repeatedly affirmed that "Congress has given the agencies wide discretion in the area of immigration processing." *Id.* (quoting *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017)).

Resisting this conclusion, Plaintiff cites 8 U.S.C. § 1571(b), which provides a general expected timetable of 180 days for the adjudication of visa applications. Pl.'s Opp'n at 12. But the D.C. Circuit has described § 1571(b) as an "aspirational statement" and thus "insufficient to set a deadline." *Da Costa*, 80 F.4th at 344. Section 1571(b) provides a "ruler against which the agency's progress must be measured," but it does not tip factors one and two in Plaintiff's favor. *See id.* (cleaned up).

In addition, Plaintiff contends that the visa adjudication process does not follow a rule of reason because it is not conducted on a "first-in-first-out" basis. *See* Pl.'s Opp'n at 12. For that proposition, Plaintiff relies on a 2024 declaration by Carson Wu (mistakenly referred to as "Robert Jachim" in Plaintiff's opposition but named correctly in the Complaint), then the Acting Director of the Office of Screening, Analysis, and Coordination in the Bureau of Consular Affairs' Visa Services Office. *Id.* (citing Compl., ECF No. 1 [hereinafter Compl.], Ex. A, ECF No. 1-1, ¶ 27). But Plaintiff does not explain how the visa processing approach that Wu describes is unreasonable, even if it does not strictly proceed on a "first-in-first-out" basis. Indeed, whether agency review rigidly proceeds on a "first-in-first-out" basis is not dispositive for whether the adjudication follows a rule of reason. *See, e.g.*, *Da Costa*, 80 F.4th at 337. As another court in this District observed about the Wu Declaration, it makes clear "that Defendants have a plan in place to adjudicate [Security Advisory Opinion] requests, that the process, albeit complicated, operates based on a rule of reason, and that establishing a required timeframe for the adjudication of an individual request is necessarily difficult—all of which weigh in favor of Defendants under the first *TRAC* factor." *Shoaie v. Blinken*, No. 24-cv-1513 (GMH), 2024 WL 4697732, at *10 (D.D.C. Nov. 6, 2024); *see also Mosayebian v. Blinken*, No. 24-cv-130 (JLS), 2024 WL 3558378, at *9 (S.D. Cal. July 25, 2024). This court agrees.

"Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). District "courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (internal quotation marks omitted). Here, approximately 28 months have passed between June 2024, when Plaintiff Sluev received a non-final refusal and his application was placed in administrative processing, and the date of this opinion. *See* Compl. at 1. That delay is within the range of reasonableness. *See, e.g.*, *Da Costa*, 80 F.4th at 344 (finding that the multi-year passage of time in that case "ha[d] not reached the level of disproportionality [the Circuit had] previously held sufficient to grant relief"). The first two factors thus weigh in favor of Defendants.

*Fourth factor*. The fourth *TRAC* factor—the effect of competing agency priorities—carries substantial weight in many cases. *See Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020). In *Da Costa*, the D.C. Circuit concluded that this factor "strongly disfavor[ed]" the plaintiffs because moving their "petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the [agency's] backlog." 80 F.4th at 343. So too here. Fulfilling Plaintiff's request simply would move Plaintiff "ahead of longer-pending petitions." *Id.* No matter where he lies in the queue, the relief Plaintiff seeks would "inevitably entail a 'judicial reordering' of the Department's priorities" with no overall benefit. *Khazaei v. Blinken*, No. 23-cv-1419 (JEB), 2023 WL 6065095, at *7 (D.D.C. Sept. 18, 2023).

In response, Plaintiff argues that Defendants have not established a "queue" of applications that would require "reordering" if compelled to resolve Plaintiff's pending visa application. Pl.'s Opp'n at 19. And even if there were other unresolved applications in similar circumstances, he contends, Defendants have provided no evidence as to how many of these applications have

been "pending longer than Plaintiff's application." *Id.* In support, Plaintiff primarily points to the decisions of courts outside this jurisdiction. *Id.* at 19–21. But Plaintiff's arguments have repeatedly been rejected by courts in *this* District. *See Shoaie*, 2024 WL 4697732, at *12–13 (collecting cases and observing that other judges in this District have determined that the fourth factor "weighs in favor of the government in cases involving Section 221(g) refusals . . . even when no formal queue has been established by the defendant"). Plaintiff points to one decision in this District, *Ahmed v. Blinken*, where the court found that the fourth factor weighed in favor of the plaintiff because Defendants did not "offer[] the court any reason to believe that adjudicating [the plaintiff's] application would have an actual effect 'on agency activities of a higher or competing priority.'" 759 F. Supp. 3d 1, 14 (D.D.C. 2024) (quoting *Da Costa*, 80 F.4th at 343); *see* Pl.'s Opp'n at 20. However, that case involved a differently situated plaintiff, who had been waiting five-and-a-half years for a B1/B2 visa and had previously received a visa "without issue." *Id.* at 12.

Furthermore, even if processing does not proceed linearly, Plaintiff's requested relief would nonetheless require diverting resources from other applications, and the court should respect the agency's "unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *In re Barr Lab'ys, Inc.*, 930 F. 2d 72, 76 (D.C. Cir. 1991). The fourth factor thus "weighs against judicial intervention to expedite adjudication." *Da Costa*, 80 F.4th at 344.

*Third and fifth factors*. The overlapping third and fifth *TRAC* factors consider whether "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80. Plaintiff describes harms that include the "financial hardship" he assumed to gain acceptance into a master's program at Dartmouth College, multiple

postponements in commencing his program, and "missing out" on "mentorship, training, and opportunities made possible only by esteemed U.S. institutions like Dartmouth." Compl. ¶¶ 46, 52–54. Plaintiff also describes "significant physical and emotional suffering from the anxiety and depression this delay has caused." Compl. ¶ 53. Defendants do not contest these harms but attempt to minimize them. Defs.' Mot. at 13. They maintain that alleviating Plaintiff's injuries would come "at the detriment" of others "who may have experienced the same—or worse—impacts from a delay." *Id.* The court is unmoved. Adjudications of F-1 non-immigrant visas are not a zero-sum game in which Plaintiff's gain is another applicant's loss. While moving Plaintiff ahead of another might in some abstract sense delay someone else's receipt of an F-1 visa, it does not come at their expense. Acknowledging the harms from the now 28-month delay and his continuing inability to enter the Dartmouth program, the third and fifth factors weigh modestly in Plaintiff's favor.

*Sixth factor*. Finally, the sixth factor reminds the court that it "need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (internal quotation marks omitted). Plaintiff alleges no facts suggesting that the agency acted improperly, aside from the delay itself, so this factor is neutral. *See* Pl.'s Opp'n at 23; *Khan v. Bitter*, No. 23-cv-1576 (BAH), 2024 WL 756643, at *6 (D.D.C. Feb. 23, 2024) (explaining that "delay alone does not demonstrate any agency misconduct").

After weighing all the *TRAC* factors, the court finds that Plaintiff has failed to state a claim for unreasonable delay under the APA. The court sympathizes with the hardship caused by the length of time without final adjudication and the corresponding uncertainty, but this hardship is outweighed by the rule of reason supplied by caselaw and the fact that granting relief would require the agency to reorganize its priorities without any overall gain. The mandamus claim also is

dismissed because the APA provides an adequate remedy at law. *See Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005).

**IV.**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, ECF No. 15, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: October 22, 2026

Amit P. Mehta
United States District Judge